# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>v.<br><br>ANJEL GUITERREZ AGUILAR,<br><br>　　Defendant | Case No.: 2:20-cr-00219-APG-NJK<br><br>**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>[ECF No. 44] |
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>v.<br><br>ANJEL GUITERREZ AGUILAR,<br><br>　　Defendant | Case No.: 2:20-cr-00181-APG-DJA<br><br>**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE** |

Defendant Anjel Aguilar moves to terminate his supervised release early. The United States Attorney takes no position. ECF No. 46.

Modification or termination of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Mr. Aguilar was convicted of two crimes related to methamphetamine distribution and sentenced to 120 months and five years of supervised release. ECF No. 4-1. Obviously these crimes warrant punishment.

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Judicial Conference's Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c) provides that, for an offender who satisfies the minimal statutory

factors, at 18 months there is a presumption in favor of early termination if the offender (1) "does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;" (2) "presents no identified risk of harm to the public or victims;" (3) "is free from any court-reported violations over a 12-month period;" (4) "demonstrates the ability to lawfully self-manage beyond the period of supervision;" (5) "is in substantial compliance with all conditions of supervision; and (6) "engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision."

      Mr. Aguilar satisfies this presumption. He has completed over 55 months of supervised release. He violated some conditions of supervision, but has had no violations in the past 12 months. He is gainfully employed and can accept more lucrative job opportunities if he is not on supervision. I see no reason to continue his supervision.

      The present circumstances justify early termination of supervised release. Therefore, Mr. Aguilar's motion (**ECF No. 44) is GRANTED** and his supervised release is terminated immediately.

      DATED this 26th day of April, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE